**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jor Y.,

Petitioner,

v.

Markwayne Mullin, *Secretary, Department of Homeland Security*; Todd Blanche, *Attorney General*; David Venturella, *Acting Director, Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

File No. 26-CV-3722 (JMB/DJF)

**ORDER**

---

Daniel P. Suitor, Daniel P. Suitor, PLLC, Minneapolis, MN, for Petitioner Jor Y.

David W. Fuller and Pedro Del Valle, IV, United States Attorney's Office, Minneapolis, MN, for Respondents Markwayne Mullin, Todd Blanche, David Venturella, and David Easterwood.

---

This matter is before the Court on Petitioner Jor Y.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, "Pet."]), which names Markwayne Mullin, Todd Blanche, David Venturella, and David Easterwood as Respondents (*id.*). For the reasons explained below, the Court grants the Petition.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

## FINDINGS OF FACT

1. Jor Y. is a 50-year-old native of Laos and a member of the Hmong ethnic minority. (Pet. ¶ 12; Doc. No. 10-1 at 1.)

2. In 1991, Jor Y. entered the United States as a refugee and later received lawful permanent resident status retroactive to 1991. (Pet. ¶¶ 12, 13.)

3. In 1998 Jor Y. was convicted of conspiracy to commit kidnapping. (*Id.* ¶ 14.) Jor Y. was subsequently ordered removed by an immigration judge in 1999; however, since that time, the U.S. Government has been unable to execute his removal order to Laos and Jor Y. was released pursuant to 8 C.F.R. §§ 241.5, 241.13 on an order of supervision. (*Id.* ¶ 15; Doc. No. 10-2; Doc. No. 10-4; Doc. No. 10-8; Doc. No. 10-9.)

4. There is no evidence that, in the past twenty-six years while on release, Jor Y. was ever non-compliant with his order of supervision.

5. On February 7, 2026, Department of Homeland Security (DHS) agents arrested Jor Y. outside of his home. (Pet. ¶ 19.)

6. On February 8, 2026, Jor Y. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he asserted, among other things, that his detention was unlawful because Immigration and Customs Enforcement (ICE) did not comply with its own regulations concerning the revocation of orders of supervision, 8 C.F.R. § 241.13(i)(2)–(3). *Jor Y. v. Noem, et al.*, No. 26-CV-1210 (JMB/DJF), Doc. No. 1 (D. Minn. Feb. 8, 2026).

7. On February 11, 2026, this Court granted Jor Y.'s Petition; the Court concluded that Respondents did not comply with applicable federal regulations—

specifically 8 C.F.R. § 241.13(i)(2)–(3)—when they purported to revoke Jor Y.'s order of supervision. *See generally id.*, Doc. No. 6 (D. Minn. Feb. 11, 2026). Specifically, ICE did not formally notify Jor Y. that it was revoking his order of supervision, inform him that ICE has identified a change in circumstance justifying revocation of his order or supervision, or have any plan to remove Jor Y. to Laos or any other country. *Id.* The Court ordered Jor Y.'s release on February 12, 2026, and ordered that Jor Y. be subject to only the same conditions as his previous release. *Id.*

8. On February 12, 2026, ICE released Jor Y. *Id.*, Doc. No. 8 (D. Minn. Feb. 12, 2026). (Doc. No. 10-1 at 2; Doc. No. 10-4.)

9. DHS records show that, on June 5, 2026, government officials in Laos issued a "travel document"[2] to officials in ICE's Headquarters Post-Deportation Unit for purposes of Jor Y.'s repatriation to Laos. (Doc. No. 10-1 at 2.)

10. According to DHS records, the travel document issued by the Laotian government expires on September 3, 2026.[3] (Doc. No. 10-6.)

11. On August 20, 2026, Jor Y. reported to an ICE office for a scheduled supervision appointment. (Doc. No. 10-1 at 2.)

12. At 11:30 a.m. on August 20, 2026, ICE generated a Form 71-091 Notice of

[2] The term "travel document" appears to be a generic one, and Respondents did not provide a copy of any actual travel document in their responsive papers. (Doc. Nos. 9, 10.) As a result, the Court cannot know the nature of the purported travel document or assess how likely removal can be based on the document.

[3] Because Respondents did not provide a copy of the travel document, the Court cannot verify this representation regarding the expiration of the travel document, either.

Revocation of Release. (*Id.*)

13. At 11:35 a.m. on August 20, 2026, ICE generated a Form I-205 Administrative Warrant of Deportation. (Doc. No. 10-1 at 2; Doc. No. 10-5.)

14. At 11:40 a.m. on August 20, 2026, ICE served Jor Y. with the Form I-205 Warrant of Deportation and Form 71-091 Notice. (Doc. No. 10-1 at 2.)

15. The Form 71-091 Notice informed Jor Y. that his order of release "has been revoked pursuant to 8 C.F.R. § 241.13(i)" and that his removal would "take place no later than" September 3, 2026, for the following reason:

> Circumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future. On June 5, 2026, the Lao People's Democratic Republic issued a travel document for your return to Laos. The document is valid through September 3, 2026.
>
> ICE has obtained a travel document and scheduled your removal to take place no later than 09/03/2026.

(Doc. No. 10-6 at 1.)

16. At 11:43 a.m. on August 20, 2026, approximately two-and-one-half months after the travel document issued,[4] ICE took Jor Y. into custody. (Doc. No. 10-1 at 2.)

17. Also on August 20, 2026, after serving Jor Y. with the Form 71-091 Notice, an ICE agent attempted to conduct an interview with Jor Y. "regarding the reasons for revocation." (Doc. No. 10-7.) The agent recorded the following about the interview: "[N]o statement was made X refused." (*Id.*)

[4] Respondents do not present any evidence concerning the two-and-one-half months that elapsed from issuance of the travel document until Jor Y.'s August 2026 detention.

18. ICE Deportation Officer William J. Robinson avers that, four days after serving Jor Y. with the Form 71-091 Notice, ICE scheduled Jor Y.'s flight to Laos, as follows: "On August 24, 2026, ICE/ERO scheduled Petitioner's repatriation flight to Laos. Petitioner's removal from the United States to Laos is scheduled to occur between September 1 and September 3, 2026." (Doc. No. 10 ¶ 16.)[5]

19. Jor Y. has been in Respondents' custody since his arrest on August 20, 2026. (Doc. No. 1.)

20. On August 20, 2026, Jor Y. filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1.)

21. On August 24, 2026, the Court ordered, among other things, that Respondents file their response to the petition on or before 11:00 a.m. on August 26, 2026. (Doc. No. 7.)

22. On August 26, 2026, Respondents filed their response. (Doc. No. 9.)

## DISCUSSION

In his Petition, Jor Y. argues that his detention is in violation of the Fourth Amendment and DHS's own rules and regulations, namely 8 C.F.R. § 241.13(i)(3), which governs procedures for revoking an order of supervision. (Pet. at 19–21.) He seeks

[5] Respondents submitted a declaration made by Robinson. (Doc. No. 10.) The Court observes that Robinson does not attest to having personal knowledge of the facts and circumstances discussed in the declaration; instead, the declaration includes a boiler plate paragraph explaining that Robinson relies on his "personal and professional knowledge, [his] review of records and systems maintained by ICE in the regular course of business, and information provided by other [unidentified] agents and officers." (Doc. No. 10 ¶ 3.) The Court further observes that Robinson's statement regarding the scheduling of a repatriation flight conflicts with the statement on the Form 71-091 Notice.

immediate release. For their part, Respondents argue that they complied with statutory and regulatory requirements when revoking Jor Y.'s order of supervision and subsequently detaining him. Because Respondents did not comply with applicable regulations, the Court grants the Petition.

**A. Right to Habeas Relief**

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

**B. Violations of Regulations**

Specific regulations control the federal government's ability to detain, release, and revoke the release of non-citizens subject to removal orders. The parties agree that 8 C.F.R. § 241.13(i), which applies when a non-citizen is released under an order of supervision after the expiration of a removal period, applies in Jor Y.'s case. That regulation applies

when ICE previously determined that there is no significant likelihood that the non-citizen will be removed in the reasonably foreseeable future, provided that no special circumstances justify continued detention. 8 C.F.R. § 241.13(g).

When an individual is released pursuant to section 241.13, that release can be revoked when, as is relevant in this matter, "on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [non-citizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2). The regulations require ICE to notify the non-citizen "of the reasons for revocation of his or her release" and to conduct an initial informal interview promptly after the non-citizen's return to custody to afford them an opportunity to respond to the reasons for revocation set forth in the notification. *Id.* § 241.13(i)(3). Section 241.13(i) also places the burden on ICE to establish that "changed circumstances" justify the revocation of an order of release. *Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025); *Escalante v. Noem*, No. 9:25-CV-0182 (MJT), 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025); *Nguyen v. Hyde*, No. 25-CV-11470 (MJJ), 2025 WL 1725791, at *3 n.2 (D. Mass June 20, 2025). To that end, ICE must have provided Jor Y. with non-conclusory reasons for the revocation of his order of supervision at the time of revocation. *Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 781–84 (D. Minn. 2025).

To determine whether there "is a significant likelihood that the [non-citizen] will be removed in the reasonably foreseeable future," the agency must "consider[] factors probative of the [non-citizen's] future removal," such as the factors set out in section 241.13(f). *Sarail A.*, 803 F. Supp. 3d at 782 (citing cases); *see also Kong v. United States*,

62 F.4th 608, 620 n.13 (1st Cir. 2023) (referring to the factors in subsection (f) as relevant to the subsection (i)(2) determination governing re-detention of a non-citizen released under section 241.13). Those factors include, but are not limited to, the history of Jor Y.'s efforts to comply with the order of removal, the history of ICE's efforts to remove non-citizens to third countries that are an option for Jor Y.'s removal, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of non-citizens to the countries in question.[6] *See* 8 C.F.R. § 241.13(f).

In addition, after determining that the section 241.13(f) factors supported revocation of release, ICE must notify the non-citizen of the reasons for the decision to revoke the previous order of release. *Id.* § 241.13(i)(3). Once this has occurred, ICE must also conduct an informal interview to afford the non-citizen an opportunity to respond to the reasons for revocation and to provide any information contesting the determination (or underlying facts) that there is a significant likelihood of removal in the reasonably foreseeable future. *Id.* ICE must then conduct a "revocation custody review," which includes "an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release." *Id.*

Here, the Court concludes that Respondents have not met their burden to justify the

[6] To the extent that the provisions of section 241.4 apply to detention pending a determination of revocation based on changed circumstances, the record presented includes no evidence that Respondents made any effort to consider the factors required by section 241.4. Absent such evidence, section 241.4 would also compel granting the Petition.

present detention of Jor Y. because the record contains no evidence that Respondents followed the requirements of section 241.13. First, the record does not contain evidence showing that Respondents considered the factors listed in section 241.13(f) prior to making the initial determination to revoke the previous order of supervision. Nothing in the Form 71-091 Notice includes any reference to or analysis of these factors and there is no other evidence presented to indicate that Respondents considered the requisite factors.

Second, the record does not include evidence that Respondents adequately informed Jor Y. of the basis for their initial determination to revoke, as required by section 241.13(i)(3). Here, the Form 71-091 Notice informed Jor Y. only that "[o]n June 5, 2026, the Lao People's Democratic Republic issued a travel document for your return to Laos," and that "[t]he document is valid through September 3, 2026." (*Id.*; Doc. No. 9 at 8.) Thus, although Respondents informed Jor Y. of the existence of a changed circumstance, they provided Jor Y. with no reasons in support of their conclusion that Jor Y. will be removed in the reasonably foreseeable future, as required by section 241.13. Likewise, while Respondents offer some explanation now in response to the petition, the record does not contain evidence that they informed Jor Y. of such explanation on the date they detained him and interviewed him. Indeed, if the declaration of Robinson is to be believed, ICE did not schedule the flight until four days after it issued the Form 71-091 Notice. (Doc. 10 ¶ 16.) Such post-hoc rationalizations for the revocation cannot justify the detention in this case. *See Sarail A.*, 803 F. Supp. 3d at 781–84. Standing alone, as they must, the reasons for revocation given to Jor Y. at the time of revocation are insufficiently conclusory to satisfy the applicable regulations (as well as possibly false, to the extent that the Form 71-

091 Notice stated that the flight had already been scheduled on August 20, 2026).[7]

Accordingly, release is the appropriate remedy. *E.g.*, *Sarail A.*, 803 F. Supp. 3d at 788–89.[8]

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner Jor Y. immediately, subject to the same terms and conditions previously ordered, and in any event no later than 4:00 p.m. CT on August 28, 2026.

2. On or before 11:00 a.m. CT on August 31, 2026, counsel for Respondents shall file a letter affirming that they have released Petitioner Jor Y.

3. On or before 11:00 a.m. CT on August 31, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained,

---

[7] The Court is also concerned that when provided with an insufficient statement of the reasons for the revocation, the non-citizen is unable to identify facts that could be disputed, contest those facts, submit evidence or information to show a low probability of removal in the reasonably foreseeable future, or to challenge the reasoning for the revocation, all as contemplated by section 241(i)(3). Similarly, the record here contains no evidence that, after conducting the informal interview, ICE officials conducted a "revocation custody review," or otherwise evaluated "any contested facts," made any factual findings, or determined whether those facts warranted detention or release, as required by section 241.13(i)(3). Absent any documentation in the record that Jor Y. had a meaningful opportunity to dispute the revocation and absent any evidence that after the informal interview, ICE officials conducted the required revocation custody review, Respondents would not have satisfied the requirements of section 241.13(i)(3).

[8] Given this decision, the Court need not consider Jor Y.'s argument that his arrest and detention occurred in violation of the Fourth Amendment prohibition on unlawful searches and seizures.

state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589. If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property." If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4. Petitioner Jor Y. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

5. To the extent Petitioner Jor Y. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 27, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court